IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:13-CR-39-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JEFFREY LEVON WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Lenoir County Sheriff's Office serving on a Drug Enforcement Administration task force. Defendant presented the testimony of the proposed third-party custodian, his girlfriend. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a two-count indictment on 4 June 2013 with: possession with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (ct. 1); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (ct. 2). The alleged offense date in each count is 11 February 2013.

The evidence presented at the hearing showed that defendant participated in recorded telephone calls with a confidential source about the confidential source's delivery of a kilogram of powdered cocaine to defendant for distribution by defendant. The cocaine was to be fronted, that is, it would be paid for by defendant not at the time of delivery, but out of the proceeds of his sales of it. On the alleged offense date, defendant obtained the cocaine from the confidential source who was in his vehicle in a parking lot outside a Hooter's restaurant; defendant took the cocaine to his car and placed it under the passenger seat; the two went into the restaurant and ate dinner; and both were detained after exiting the restaurant. There was a loaded handgun in the front seat area of defendant's car near where he placed the cocaine. The kilogram of cocaine had a street value of $62,000 to $70,000. Confidential sources reported to authorities that between about 7 to 10 years ago they had been involved in drug transactions with defendant involving a total of more than 45 kilograms of cocaine. Defendant was a bail bondsman at the time of this transaction, for which he always carried a firearm.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and gun-related nature of the offenses charged; the circumstances of the offenses charged, including their relative recency and the quantity of drugs involved; the danger of continued offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's absence from the

home for fulltime work and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of a criminal record other than for traffic offenses and four pending state charges for delivering or accepting a blank or open title. It finds, however, that the factors favoring detention outweigh such evidence. Although defendant is part owner of a used car dealership, owner of a bail bond business, and owner of numerous rental properties, he risked it all, along with his stable relationship with his girlfriend with whom he has lived for three years, to engage in the transaction for the kilogram of cocaine. As a bail bondsman, he is in a position to appreciate firsthand the risks associated with incurring serious criminal charges of the type at issue here. While the government did not present evidence substantiating the statements of the cooperating witnesses that defendant had previously trafficked in over 45 kilograms of cocaine, his acceptance of the kilogram for cocaine from the confidential source obviously substantiates that he is familiar with drug trafficking and presently has ties to drug traffickers that would enable him to sell the kilogram of cocaine. Given his willingness, manifested just four and a half months ago, to risk so much to engage in drug trafficking and his evident ability to carry out such trafficking, the court can identify no condition or combination of conditions that would reasonably assure that he would not engage in such conduct if released.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private

3
Case 4:13-cr-00039-D   Document 17   Filed 06/21/13   Page 3 of 4

consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 20th day of June 2013.

James E. Gates
United States Magistrate Judge